## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Erin  Bailey, Alexandra Bock, Jacob Bogatin, Olivia Booker, Michael Cooke, Samuel, Edgerton, Thomas Festo, Katsumi Funahashi, Marcia Garcia, John Izarpate, Marc Auerbach, Maximilian Arias, Nestor Marmol, Miguel Pineda, Emily Potter, Nadine Ramos, and Derriek Williams ("Plaintiffs"), and Dique Pic Productions LLC, Marti Hines, and Jasmin Greene (together, "Defendants") (collectively, the "Parties").

WHEREAS, on or about April 9, 2019, Plaintiffs filed a class and collective action complaint in *Bailey et al v. Dique Pic Productions LLC et al*, Case No.: 19-cv-3168(JMF) (the "Action") against Defendants for alleged failure to pay minimum wage and/or overtime in violation of the Fair Labor Standards Act and the New York Labor Law and for alleged failure to pay moneys earned subject to the New York City Charter Freelancer's Act;

**WHEREAS**, Defendants admit that they owe Plaintiffs money for work performed in the creation of the film "Paper Friends";

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone and have negotiated an agreement resolving the matters involved in the Action;

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the Parties agree as follows:

1) **Former Employees:**  Plaintiffs are no longer employed by Defendants.

2) **Consideration:**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiffs in this Agreement, Defendants agree to pay Plaintiffs the total sum of Eighty Thousand Dollars and Zero Cents ($80,000.00), inclusive of attorneys' fees, costs and expenses, pursuant to the following apportionment:

   a)    From every amount received by Plaintiffs' Counsel, the percentage assigned to each Plaintiff below shall be used to calculate their share of the payment:

| First | Last | Amount Owed | | Percentage | Total of the $80,00( | |
|---|---|---|---|---|---|---|
| Erin | Bailey | $ | 200.00 | 0.26263% | $ | 210.10 |
| Alexandra | Bock | $ | 3,147.67 | 4.13337% | $ | 3,306.70 |
| Jacob | Bogatin | $ | 412.85 | 0.54214% | $ | 433.71 |
| Olivia | Booker | $ | 2,741.60 | 3.60014% | $ | 2,880.11 |
| Michael | Cooke | $ | 7,177.01 | 9.42451% | $ | 7,539.61 |
| Samuel | Edgerton | $ | 4,022.96 | 5.28276% | $ | 4,226.21 |
| Thomas | Festo | $ | 212.18 | 0.27862% | $ | 222.90 |
| Katsumi | Funahashi | $ | 2,816.79 | 3.69888% | $ | 2,959.10 |
| Marcia | Garcia | $ | 3,500.00 | 4.59603% | $ | 3,676.83 |
| John | Izarpate | $ | 2,858.43 | 3.75356% | $ | 3,002.84 |
| Marc | Auerbach | $ | 8,150.00 | 10.70220% | $ | 8,561.76 |
| Maximilian | Arias | $ | 3,141.55 | 4.12534% | $ | 3,300.27 |
| Nestor | Marmol | $ | 2,991.19 | 3.92789% | $ | 3,142.31 |
| Miguel | Pineda | $ | 2,437.50 | 3.20081% | $ | 2,560.65 |
| Emily | Potter | $ | 4,167.00 | 5.47191% | $ | 4,377.53 |
| Nadine | Ramos | $ | 2,541.67 | 3.33760% | $ | 2,670.08 |
| Derriek | Williams | $ | 250.00 | 0.32829% | $ | 262.63 |
| Attorneys | | | | 33.33333% | $ | 26,666.67 |
| | Total Owed | $ | 50,768.40 | | | |

b)  As a condition precedent to making any of the payments described herein, the Court must approve the fairness of this settlement.

c)  All settlement payments set forth in Paragraph 2 shall be delivered to Plaintiffs' counsel, Marion Conde, Esq., Conde & Glaser LLP, 299 Broadway, 17th floor, New York, NY 10007. For purposes of this Agreement, a payment is considered to be "made" if it is mailed on the due date.

d)  All payments made herein will be reported on an IRS Form 1099-MISC.

e)  Defendants shall each individually provide confessions of judgment for the full $80,000.00 jointly and severally in the form annexed hereto as **Exhibit 1** and described in Paragraph 4 herein.

e)  On or before eighteen (18) months after the approval of this Agreement by the Court, Defendants must have paid at least $25,000.00 in total or Plaintiffs shall be entitled to immediately file the confessions of judgment in any Court of competent jurisdiction and pursue the full outstanding amount.

3)  **Sources of Settlement Payment**:

a)   Defendants may pay Plaintiffs from any source provided it is paid in US Currency and delivered to Plaintiffs' Counsel Marion Conde, Esq., Conde & Glaser LLP, 299 Broadway, 17th floor, New York, NY 10007.

b)   Defendants agree that all revenues realized from the film Paper Friends by Defendants, after only allowing their sales agent to receive their 30% share, from September 10, 2019 until the full settlement amount is paid. All revenues shall be paid within fourteen (14) days of receipt by Defendants.

c)   Defendants represent and warrant that they own all rights to the film Paper Friends which Plaintiffs worked in making for the Defendants. Defendants represent and warrant that they have sold the rights solely to show the film on television within the United States for two years from 12/27/18 to BET and BET Her. Other than the restrictions provided for in the agreement with BET, Defendants' right to sell the rights to Paper Friends are not restricted.

d)   Defendants must make good faith efforts to market and sell the rights to Paper Friends.

4)   **Execution of Agreement and Joint Stipulation of Dismissal**: Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit 2**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

5)   **Confession of Judgment**:

a)   **Defendants**: Concurrently with the execution of this Agreement, Defendants shall execute an Affidavit of Confession of Judgment in the forms attached hereto as **Exhibit 1**. Defendants' counsel shall provide Plaintiffs' counsel with an executed Affidavit of Confession of Judgment bearing signatures of the corporate representative of Dique Pic Productions LLC, Marti Hines, and Jasmin Greene. Plaintiffs shall keep those confessions of judgment in escrow until three (3) years from the date of approval of this Agreement by the Court.

b)   **Default**; **Notice to Cure**: If payment is not made in full on or before three (3) years from the Court's approval of this Agreement then Plaintiffs shall have the right to serve a notice of breach on Defendants. If the full settlement amount is not paid on or before thirty (30) days from the notice of breach (the cure period) then Plaintiffs may immediately file the confessions of judgment in any Court of competent jurisdiction and pursue the full outstanding amount. Plaintiffs' shall provide written notice to Defendants' Counsel Jason Mizrahi, Esq. by email at Jason@levinepstein.com or mail at Levin-Epstein & Associates, P.C., 1 Penn Plaza, Suite 2527, New York, NY 10119, regarding the failure to pay. Defendants shall have thirty (30) days from receipt of such written notice to remedy their default. Notice shall be deemed received by Defendants on the date written notice is emailed or mailed to Defendants' Counsel.

c)     **Failure to Cure After Written Notice**: If Defendants do not remedy their default within thirty (30) days of their receipt of such written notice, Plaintiffs may file the Affidavit of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against all Defendants, jointly and severally, declaring Eighty Thousand Dollars and No Cents ($80,000.00), immediately due and payable, less any payments already made by Defendants pursuant to this Agreement, with interest assessed on the unpaid amount at 9% from the date the Court approves the Agreement.

6)     <u>**Release of Claims by Plaintiffs:**</u> In exchange for the promise to issue payments set forth in Paragraph 2 herein, Plaintiffs release Defendants from any and all claims Plaintiffs may have brought in this action, including claims under the FLSA, NYLL, or New York City Charter relating to the amount of wages paid to them during the course of their employment with Defendants.

Plaintiffs understand and agree that Plaintiffs are releasing Defendants from any and all claims under the Fair Labor Standards Act and/or New York Labor Law, including but not limited to any claims for failure to pay minimum wage or overtime, failure to pay spread of hours pay, claims for failure to pay commissions, claims for making impermissible deductions from wages, claims for recordkeeping violations, claims for breach of contract including but not limited to claims for failure to pay promised bonuses or commissions. Plaintiffs further agree and affirm that the payments described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel.

7)     <u>**Transparency:**</u> Defendants agree to provide all information, responses, agreements, and other documents relating to Paper Friends upon execution to Plaintiffs' Counsel, Jesse C. Rose at JRose@theroselawgroup.com and Marion Conde at marion@condeglaserlaw.com. Plaintiffs may, through their counsel, request of Defendants through their counsel Jason Mizrahi, Esq. by email at Jason@levinepstein.com information about good faith efforts to sell and market Paper Friends. Defendants shall provide reasonable responses which include at minimum a summary of potential buyers, prospective agreements, planned events and/or trips to market Paper Friends, all agreements to sell any rights relating to Paper Friends, and all proof of revenues for Paper Friends.

8)     <u>**Breach:**</u>

a)     The United States District Court for the Southern District of New York shall maintain jurisdiction over the enforcement of this action and upon a showing that payment has not been made after a notice of such breach has been sent and after the time to cure has expired may enter a Judgment and Order against the Defendants jointly and severally for the full outstanding amount.

b)     In the event that revenues are realized by Paper Friends which are not directly paid to Plaintiffs, Plaintiffs shall first send notice of their belief to Defendants' Counsel Jason Mizrahi, Esq. by email at Jason@levinepstein.com or mail at Levin-Epstein & Associates, P.C., 1 Penn Plaza, Suite 2527, New York, NY 10119. Within fourteen (14) days after such notice is sent, if sufficient demonstration that the belief is false is not provided then

       Plaintiffs may apply to the Court for judgment of all outstanding amounts, plus 50% added to compensate for their trouble, along with attorneys' fees and costs for enforcing this Agreement.

c)     In the event that Defendants fail to comply with their obligations under Sections 2, 3 or 7 it shall be considered a material breach of this agreement and Plaintiffs may apply to the Court for judgment of all outstanding amounts, plus 50% added to compensate for their trouble, along with attorneys' fees and costs for enforcing this Agreement.

9)     **Interpretation of Agreement**:  The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

10)    **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

11)    **Changes to the Agreement:**  This Agreement may not be changed unless the changes are in writing and signed by Plaintiffs and Defendants.

12)    **Applicable Law:**  This Agreement shall be interpreted, enforced and governed under the laws of the State of New York.  Any action arising out of or relating to this Agreement shall be brought in Manhattan, in the United States District Court, Southern District of New York.  The Parties will request that the Court retain jurisdiction over this action to the extent a party seeks remedies under this Agreement.

13)    **Severability:**  In the event any provision of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof, which shall remain in full force and effect to the fullest extent permitted by law.

14)    **Counterparts:**  This Agreement may be executed in more than one counterpart and/or by electronic/facsimile signature, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

15)    **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:** The Parties intend for the Plaintiffs to waive any and all claims related to their wages or compensation they may have against the Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court.  Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement. Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be distributed by Plaintiffs' Counsel to the Plaintiffs pursuant to Paragraph 1 of the Agreement.

16)    **Waiver by Plaintiffs:**  By signing this Agreement, Plaintiffs acknowledge that:

a)   They have carefully read, and understand, this Agreement;

b)   They have consulted with Jesse C. Rose, Esq. and/or Marion Conde, Esq., attorneys of their choice, before signing this Agreement;

c)   They understand that this Agreement is legally binding and by signing it they give up certain rights;

d)   They have voluntarily chosen to enter into this Agreement and have not been forced or pressured in any way to sign it;

e)   They have not relied upon any representation, statement or omission made by Defendants with regard to the subject matter, basis or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

f)   They knowingly and voluntarily release Defendants and the Defendant Releasees from claims as described herein, in exchange for the benefits they have obtained by signing this Agreement; and

g)   This Agreement does not waive any rights or claims that may arise after this Agreement is signed.

DATED: 10/11/19          _____
                                         Erin Bailey

DATED: 10/23/19          _____
                                         Alexandra Bock

DATED:_____       _____
                                         Jacob Bogatin

DATED:_____       _____
                                         Olivia Booker

DATED:_____       _____
                                         Michael Cooke

DATED:_____       _____
                                         Samuel Edgerton

DATED:_____       _____

a)      They have carefully read, and understand, this Agreement;

b)      They have consulted with Jesse C. Rose, Esq. and/or Marion Conde, Esq., attorneys of their choice, before signing this Agreement;

c)      They understand that this Agreement is legally binding and by signing it they give up certain rights;

d)      They have voluntarily chosen to enter into this Agreement and have not been forced or pressured in any way to sign it;

e)      They have not relied upon any representation, statement or omission made by Defendants with regard to the subject matter, basis or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

f)      They knowingly and voluntarily release Defendants and the Defendant Releasees from claims as described herein, in exchange for the benefits they have obtained by signing this Agreement; and

g)      This Agreement does not waive any rights or claims that may arise after this Agreement is signed.

DATED:_____        _____
                             Erin Bailey


DATED:_____        _____
                             Alexandra Bock

DATED: 10/10/2019            _____
                             Jacob Bogatin

DATED:_____        _____
                             Olivia Booker

DATED:_____        _____
                             Michael Cooke

DATED:_____        _____
                             Samuel Edgerton

DATED:_____        _____

6

a)      They have carefully read, and understand, this Agreement;

b)      They have consulted with Jesse C. Rose, Esq. and/or Marion Conde, Esq., attorneys of their choice, before signing this Agreement;

c)      They understand that this Agreement is legally binding and by signing it they give up certain rights;

d)      They have voluntarily chosen to enter into this Agreement and have not been forced or pressured in any way to sign it;

e)      They have not relied upon any representation, statement or omission made by Defendants with regard to the subject matter, basis or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

f)      They knowingly and voluntarily release Defendants and the Defendant Releasees from claims as described herein, in exchange for the benefits they have obtained by signing this Agreement; and

g)      This Agreement does not waive any rights or claims that may arise after this Agreement is signed.


DATED:_____        _____
                             Erin Bailey


DATED:_____        _____
                             Alexandra Bock


DATED:_____        _____
                             Jacob Bogatin


DATED:_____        _____
                             Olivia Booker


DATED:_10/15/19_____    _____
                             Michael Cooke


DATED:_____        _____
                             Samuel Edgerton


DATED:_____        _____

6

a)  They have carefully read, and understand, this Agreement;

b)  They have consulted with Jesse C. Rose, Esq. and/or Marion Conde, Esq., attorneys of their choice, before signing this Agreement;

c)  They understand that this Agreement is legally binding and by signing it they give up certain rights;

d)  They have voluntarily chosen to enter into this Agreement and have not been forced or pressured in any way to sign it;

e)  They have not relied upon any representation, statement or omission made by Defendants with regard to the subject matter, basis or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

f)  They knowingly and voluntarily release Defendants and the Defendant Releasees from claims as described herein, in exchange for the benefits they have obtained by signing this Agreement; and

g)  This Agreement does not waive any rights or claims that may arise after this Agreement is signed.


DATED:_____          _____
                                Erin Bailey


DATED:_____          _____
                                Alexandra Bock


DATED:_____          _____
                                Jacob Bogatin


DATED:_____          _____
                                Olivia Booker


DATED:_____          _____
                                Michael Cooke


DATED:_____          _____
                                Samuel Edgerton


DATED:___ 10/15/2019            _____
                                *Tom Festo*

6

Thomas Festo

DATED:_____       _____
                                                        Katsumi Funahashi

DATED:_____       _____
                                                        Marcia Garcia

DATED:_____       _____
                                                        John Izarpate

DATED:_____       _____
                                                        Marc Auerbach

DATED: **10/14/19**            _____
                                                        Maximilian Arias

DATED:_____       _____
                                                        Nestor Marmol

DATED:_____       _____
                                                        Miguel Pineda

DATED:_____       _____
                                                        Emily Potter

DATED:_____       _____
                                                        Nadine Ramos

DATED:_____       _____
                                                        Derriek Williams

Thomas Festo

DATED:_____          _____

Katsumi Funahashi

DATED:_____          _____

Marcia Garcia

DATED:_____          _____

John Izarpate

DATED:__10/11/19____          _____

Marc Auerbach

DATED:_____          _____

Maximilian Arias

DATED:_____          _____

Nestor Marmol

DATED:_____          _____

Miguel Pineda

DATED:_____          _____

Emily Potter

DATED:_____          _____

Nadine Ramos

DATED:_____          _____

Derriek Williams

Thomas Festo

DATED: _10/14/2019_                    _Kt Fon_

Katsumi Funahashi

DATED:_____                    _____

Marcia Garcia

DATED:_____                    _____

John Izarpate

DATED:_____                    _____

Marc Auerbach

DATED:_____                    _____

Maximilian Arias

DATED:_____                    _____

Nestor Marmol

DATED:_____                    _____

Miguel Pineda

DATED:_____                    _____

Emily Potter

DATED:_____                    _____

Nadine Ramos

DATED:_____                    _____

Derriek Williams

7

Thomas Festo

DATED:_____

Katsumi Funahashi

DATED:_____

Marcia Garcia

DATED:_____

John Izarpate

DATED:_____

Marc Auerbach

DATED:_____

Maximilian Arias

DATED:_10/20/19_____

Nestor Marmol

DATED:_____

Miguel Pineda

DATED:_____

Emily Potter

DATED:_____

Nadine Ramos

DATED:_____

Derriek Williams

7

Thomas Festo

DATED:_____     _____

Katsumi Funahashi

DATED:_____     _____

Marcia Garcia

DATED:_____     _____

John Izarpate

DATED:_____     _____

Marc Auerbach

DATED:_____     _____

Maximilian Arias

DATED:_____     _____

Nestor Marmol

DATED:___10/15/2019___     _____

Miguell Pineda

DATED:_____     _____

Emily Potter

DATED:_____     _____

Nadine Ramos

DATED:_____     _____

Derriek Williams

10/16/2019 WED 10:37  FAX                                                ☑001/001

Thomas Festo

DATED:_____

_____
Katsumi Funahashi

DATED: 10/16/2019      *Marcia Garcia* (signature)
_____
Marcia Garcia

DATED:_____

_____
John Izarpate

DATED:_____

_____
Marc Auerbach

DATED:_____

_____
Maximilian Arias

DATED:_____

_____
Nestor Marmol

DATED:_____

_____
Miguel Pineda

DATED:_____

_____
Emily Potter

DATED:_____

_____
Nadine Ramos

DATED:_____

_____
Derriek Williams

7

Thomas Festo

DATED:_____

_____
Katsumi Funahashi

DATED:_____

_____
Marcia Garcia

DATED:_____

_____
John Izarpate

DATED:_____

_____
Marc Auerbach

DATED:_____

_____
Maximilian Arias

DATED:_____

_____
Nestor Marmol

DATED:_____

_____
Miguel Pineda

DATED: 10/23/19

_____
Emily Potter

DATED:_____

_____
Nadine Ramos

DATED:_____

_____
Derriek Williams

Thomas Festo

DATED:_____

_____

Katsumi Funahashi

DATED:_____

_____

Marcia Garcia

DATED:_____

_____

John Izarpate

DATED:_____

_____

Marc Auerbach

DATED:_____

_____

Maximilian Arias

DATED:_____

_____

Nestor Marmol

DATED:_____

_____

Miguel Pineda

DATED:_____

_____

Emily Potter

DATED:_____

_____

Nadine Ramos

DATED:_____10/24/2019

_____

Derriek Williams

a)      They have carefully read, and understand, this Agreement;

b)      They have consulted with Jesse C. Rose, Esq. and/or Marion Conde, Esq., attorneys of their choice, before signing this Agreement;

c)      They understand that this Agreement is legally binding and by signing it they give up certain rights;

d)      They have voluntarily chosen to enter into this Agreement and have not been forced or pressured in any way to sign it;

e)      They have not relied upon any representation, statement or omission made by Defendants with regard to the subject matter, basis or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

f)      They knowingly and voluntarily release Defendants and the Defendant Releasees from claims as described herein, in exchange for the benefits they have obtained by signing this Agreement; and

g)      This Agreement does not waive any rights or claims that may arise after this Agreement is signed.

DATED:_____        _____
                             Erin Bailey


DATED:_____        _____
                             Alexandra Bock


DATED:_____        _____
                             Jacob Bogatin


DATED:_____        _____
                             Olivia Booker


DATED:_____        _____
                             Michael Cooke


DATED:_____        _____
                             Samuel Edgerton


DATED:_____        _____

6

a)   They have carefully read, and understand, this Agreement;

b)   They have consulted with Jesse C. Rose, Esq. and/or Marion Conde, Esq., attorneys of their choice, before signing this Agreement;

c)   They understand that this Agreement is legally binding and by signing it they give up certain rights;

d)   They have voluntarily chosen to enter into this Agreement and have not been forced or pressured in any way to sign it;

e)   They have not relied upon any representation, statement or omission made by Defendants with regard to the subject matter, basis or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

f)   They knowingly and voluntarily release Defendants and the Defendant Releasees from claims as described herein, in exchange for the benefits they have obtained by signing this Agreement; and

g)   This Agreement does not waive any rights or claims that may arise after this Agreement is signed.

DATED:_____          _____
                                Erin Bailey


DATED:_____          _____
                                Alexandra Bock


DATED:_____          _____
                                Jacob Bogatin


DATED:10/23/2019_____        _____
                                Olivia Booker


DATED:_____          _____
                                Michael Cooke


DATED:_____          _____
                                Samuel Edgerton


DATED:_____          _____

6

Thomas Festo

DATED:_____

_____

Katsumi Funahashi

DATED:_____

_____

Marcia Garcia

DATED: 11/12/2019

*John Izarpate*

_____

John Izarpate

DATED:_____

_____

Marc Auerbach

DATED:_____

_____

Maximilian Arias

DATED:_____

_____

Nestor Marmol

DATED:_____

_____

Miguel Pineda

DATED:_____

_____

Emily Potter

DATED:_____

_____

Nadine Ramos

DATED:_____

_____

Derriek Williams

Thomas Festo

DATED:_____        _____
                            Katsumi Funahashi

DATED:_____        _____
                            Marcia Garcia

DATED:_____        _____
                            John Izarpate

DATED:_____        _____
                            Marc Auerbach

DATED:_____        _____
                            Maximilian Arias

DATED:_____        _____
                            Nestor Marmol

DATED:_____        _____
                            Miguel Pineda

DATED:_____        _____
                            Emily Potter

DATED:____10/25/19____       _____
                            Nadine Ramos

DATED:_____        _____
                            Derriek Williams

7

DATED:___9/27/2019___                    _____

Dique Pic Productions, LLC

By:

DATED:___9/27/2019___                    _____

Marti Hines

DATED:___9/27/2019___                    _____

Jasmin Greene

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X    Case No: 19-cv-3168(JMF)(BCM)

MIGUEL PINEDA, SAMUEL EDGERTON,
ERIN BAILEY, MARCIA GARCIA, JOHN IZARPATE,
MAXIMILIAN ARIAS, ALEXANDRA BOCK, JACOB          **Stipulation of Dismissal**
BOGATIN, THOMAS FESTO, MARC AUERBACH,
MICHAEL COOKE, DERRIEK WILLIAMS, NESTOR
MARMOL, KATSUMI FUNAHASHI on behalf of
themselves and all others similarly situated,

                                        Plaintiffs,

                 -against-

DIQUE PIC PRODUCTIONS LLC, MARTI HINES,
JASMIN GREENE and JASON HIGHTOWER
*individually*,
                                        Defendants.
-------------------------------------------------------------------X

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above

captioned action through their undersigned counsel that, whereas no party hereto is an infant or

incompetent person for whom a committee has been appointed, and no person not a party has an

interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal

Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged

therein be dismissed with prejudice, with each party to bear their own fees and costs.

Dated: _____, 2019          Dated: ___September 27___, 2019

**THE ROSE LAW GROUP, PLLC**          **LEVIN-EPSTEIN & ASSOCIATES, P.C.**

By:_____          By:_____
   Jesse Rose, Esq.                      Jason Mizrahi, Esq.
   31-09 Newtown Avenue, Suite 309       Levin-Epstein & Associates, P.C.
   Astoria, New York 11102               1 Penn Plaza, Suite 2527
   T: (718) 989-1864                     New York, NY 10119
   Email: JRose@theroselawgroup.com      Phone: (212) 792-0048
   *Attorneys for Plaintiffs*            Email: Jason@levinepstein.com
                                         *Attorneys for Defendants*

9

MIGUEL PINEDA, SAMUEL EDGERTON,
ERIN BAILEY, MARCIA GARCIA, JOHN
IZARPATE, MAXIMILIAN ARIAS,
ALEXANDRA BOCK, JACOB BOGATIN,
THOMAS FESTO, MARC AUERBACH,
MICHAEL COOKE, DERRIEK WILLIAMS,
NESTOR MARMOL, KATSUMI FUNAHASHI on
behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

DIQUE PIC PRODUCTIONS LLC, MARTI
HINES, JASMIN GREENE and JASON
HIGHTOWER

individually,
Defendants.

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK          )
                           )     ss.:
COUNTY OF NEW YORK         )

**Marti Hines, aka Martinique Hines,** being duly sworn, deposes and says:

1.      I am a Releasee of the Settlement Agreement and Release entered into between Erin Bailey, Alexandra Bock, Jacob Bogatin, Olivia Booker, Michael Cooke, Samuel, Edgerton, Thomas Festo, Katsumi Funahashi, Marcia Garcia, John Izarpate, Marc Auerbach, Maximilian Arias, Nestor Marmol, Miguel Pineda, Emily Potter, Nadine Ramos, and Derriek Williams ("Plaintiffs"), and Dique Pic Productions LLC, Marti Hines, and Jasmin Greene (together, "Defendants"), on the other hand.

2.      I was an Owner of Dique Pic Productions LLC.

11

3.      I have authority to sign on behalf of myself, and on behalf of Dique Pic Productions LLC, and I am duly authorized to make this affidavit on my own, as well as on behalf of Dique Pic Productions LLC.

4.      I make this affidavit pursuant to Section 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me, involving Plaintiffs' allegations, among other things, of wage and hour law claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law and its supporting regulations/order ("NYLL").

5.      This is a judgment to be confessed for monies due.

6.      In or around September 10, 2019, Defendants, including myself, agreed to pay the gross sum of Eighty Thousand Dollars and No Cents ($80,000.00) to Plaintiffs in exchange for, among other things, a release of all wage-and-hour claims and the Parties' execution of a Settlement Agreement and Release ("the Agreement").

7.      Under the terms of the Agreement, the Company and Releasees, including myself, agreed to pay the gross settlement amount of Eighty Thousand Dollars and No Cents ($80,000.00) to Plaintiffs and their counsel, pursuant to the terms set forth in the Agreement.

8.      I hereby represent my understanding that upon the Defendants' breach of the Agreement and failure to cure under same, this Confession of Judgment shall be docketed and entered as a judgment against Defendants, including myself, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

9.      I hereby authorize this Confession of Judgment to be entered with the clerk of this Court of any court of competent jurisdiction.

Dated:         _____9/27/2019__,  _____
               _____, 2019

                                        _____
                                        Marti  Hines,  individually  and   on
                                        behalf of Dique Pic Productions, LLC
                                        Address:  _625 N Flores St 201_
                                                  ____Los Angeles, CA 90048
                                        _____

13

MIGUEL PINEDA, SAMUEL EDGERTON,
ERIN BAILEY, MARCIA GARCIA, JOHN
IZARPATE, MAXIMILIAN ARIAS,
ALEXANDRA BOCK, JACOB BOGATIN,
THOMAS FESTO, MARC AUERBACH,
MICHAEL COOKE, DERRIEK WILLIAMS,
NESTOR MARMOL, KATSUMI FUNAHASHI on
behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

DIQUE PIC PRODUCTIONS LLC, MARTI
HINES, JASMIN GREENE and JASON
HIGHTOWER

individually,
Defendants.

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK          )
                                               )     ss.:
COUNTY OF NEW YORK    )

     **Jasmin Greene,** being duly sworn, deposes and says:

     1.    I am a Releasee of the Settlement Agreement and Release entered into between Erin

Bailey, Alexandra Bock, Jacob Bogatin, Olivia Booker, Michael Cooke, Samuel, Edgerton,

Thomas Festo, Katsumi Funahashi, Marcia Garcia, John Izarpate, Marc Auerbach, Maximilian

Arias, Nestor Marmol, Miguel Pineda, Emily Potter, Nadine Ramos, and Derriek Williams

("Plaintiffs"), and Dique Pic Productions LLC, Marti Hines, and Jasmin Greene (together,

"Defendants"), on the other hand.

     2.    I was an Owner of Dique Pic Productions LLC.

3.      I have authority to sign on behalf of myself, and on behalf of Dique Pic Productions LLC, and I am duly authorized to make this affidavit on my own, as well as on behalf of Dique Pic Productions LLC.

4.      I make this affidavit pursuant to Section 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me, involving Plaintiffs' allegations, among other things, of wage and hour law claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law and its supporting regulations/order ("NYLL").

5.      This is a judgment to be confessed for monies due.

6.      In or around September 10, 2019, Defendants, including myself, agreed to pay the gross sum of Eighty Thousand Dollars and No Cents ($80,000.00) to Plaintiffs in exchange for, among other things, a release of all wage-and-hour claims and the Parties' execution of a Settlement Agreement and Release ("the Agreement").

7.      Under the terms of the Agreement, the Company and Releasees, including myself, agreed to pay the gross settlement amount of Eighty Thousand Dollars and No Cents ($80,000.00) to Plaintiffs and their counsel, pursuant to the terms set forth in the Agreement.

8.      I hereby represent my understanding that upon the Defendants' breach of the Agreement and failure to cure under same, this Confession of Judgment shall be docketed and entered as a judgment against Defendants, including myself, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

9.      I hereby authorize this Confession of Judgment to be entered with the clerk of this Court of any court of competent jurisdiction.

Dated:　　　September　　　27
　　　　　　　_____, _____
　　　　　　　_____, 2019

_____

Jasmin Greene
Address: _____185 Hall St_____
　　　　　　　Apt 509
　　　　　　　Brooklyn, NY 11205